UNITED STATES of America,

v.

Jermaine KING a/k/a Waters

Jermaine King, Appellant.

No. 01–3109.

United States Court of Appeals,
Third Circuit.

Argued March 29, 2004.

Decided April 7, 2004.

Robert E. Madden, Law Offices of Robert E. Madden, Philadelphia, PA, for Appellant.

Kathy A. Stark (Argued), Office of the United States Attorney, Philadelphia, PA, for Appellee.

Before: ALITO, FISHER, and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

As we write only for the parties involved, we will not restate the evidence below. We find King's claims to be without merit and affirm the District Court's ruling and sentence.

■ First, the District Court properly increased King's sentence based on his significant leadership role in the conspiracy and the firearm that was used in the conspiracy. As this Circuit has already held that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), does not apply unless the sentence imposed exceeds the statutory maximum for the conviction, we reject King's argument that *Apprendi* applies to his sentence. *See, e.g., United States v. Williams,* 235 F.3d 858, 862–863 (3d Cir. 2000) *cert. denied* 534 U.S. 818, 122 S.Ct. 49, 151 L.Ed.2d 19 (2001); *United States v. Cepero,* 224 F.3d 256, 267 fn. 5 (3d Cir.2000)(en banc) *cert. denied* 531 U.S. 1114, 121 S.Ct. 861, 148 L.Ed.2d 774 (2001). We also hold that the District Court was not clearly erroneous [1] when it sentenced King based on his leadership role in the conspiracy. Both witnesses and telephone and beeper records show King to have been the center of his drug gang. Furthermore, the District Court was not clearly erroneous when it found that the use or possession of a firearm in the conspiracy was clearly foreseeable. As the leader of a sizeable crack cocaine distribution ring, in which two members had already been shot, the use of a firearm by a member of the conspiracy was more than reasonably foreseeable. *See United States v. Ramos,* 147 F.3d 281, 286–287 (3d Cir. 1998); *United States v. Dixon,* 982 F.2d 116 (3d Cir.1992).

■ Second, we find that the District Court did not abuse its discretion when it admitted the government's charts and exhibits summarizing the electronic communications between the conspirators. *See* App. A64–A70. The government, through witnesses and records, was able to properly establish that all of the telephone and beeper numbers on the charts and exhibits

---

1. While we believe that the District Court properly used the "preponderance of the evidence standard," *United States v. Miele,* 989 F.2d 659, 663 fn. 3 (3d Cir.1993), our holding would be the same even under the "clear and convincing evidence" standard. *United States v. Kikumura,* 918 F.2d 1084, 1110–1111 (3d Cir.1990)

were controlled by King or his associates. *See, e.g.*, Supp.App. at 172–173, 103; 126; 149. Furthermore, the charts and exhibits were accurately explained by a government witness, *see* Supp.App. 205–208, and the District Court did not abuse its discretion in finding them more probative then prejudicial. *See* Federal Rules of Evidence 403 and 1006; *United States v. Ser-* *afini*, 233 F.3d 758, 768 fn. 14 (3d Cir. 2000).

For the above reasons, we affirm.